**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEMORY LANE, INC., a California corporation,<br><br>  Plaintiff - Appellant,<br><br>  v.<br><br>CLASSMATES, INC., UNITED ONLINE, INC.,<br><br>  Defendants - Appellees. | Nos. 14-55462<br><br>D.C. No. 8:11-cv-00940-JLS-RNB<br><br>MEMORANDUM* |
| MEMORY LANE, INC., a California corporation,<br><br>  Plaintiff - Appellee,<br><br>  v.<br><br>CLASSMATES, INC., UNITED ONLINE, INC.,<br><br>  Defendants - Appellants. | Nos. 14-55912<br><br>D.C. No. 8:11-cv-00940-JLS-RNB |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 8, 2016
Pasadena, California

Before: MURPHY,[**] PAEZ, and NGUYEN, Circuit Judges.

Memory Lane, Inc., brought suit against Classmates, Inc. and United Online, Inc. (collectively, "Classmates"), alleging improper use of the "Memory Lane" mark in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. Following trial, a jury determined that Classmates did not unlawfully infringe on Memory Lane's mark. Memory Lane now appeals several of the district court's evidentiary rulings. In its cross-appeal, Classmates challenges the denial of its motion for attorneys' fees and partial denial of its motion to re-tax certain costs. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court did not abuse its discretion in excluding the specific content of misdirected communications Memory Lane received from Classmates' customers. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005). The district court allowed Memory Lane to present evidence that the misdirected communications occurred, correctly recognizing that such evidence can be relevant

---

[**] The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

to the likelihood of confusion. *Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1026 n.27 (9th Cir. 2004). The district court's exclusion of the specific content accounted for the fact that these particular communications consisted mostly of consumer complaints about Classmates. None of the cases cited by Memory Lane on appeal stand for the principle that copies of misdirected customer complaints must be admitted. Finally, Classmates' expert's testimony did not compel the admission of these communications on cross-examination because they do not rebut the expert's underlying point that most of the senders did not exhibit any awareness of Memory Lane.[1]

2. The district court did not abuse its discretion by allowing Classmates to question Memory Lane's founder about his prior convictions for mail and wire fraud. To begin, a number of the questions were proper under Federal Rules of Evidence 609 and 613, and Classmates gained further latitude by Memory Lane's own introduction of the prior convictions. *See United States v. Osazuwa*, 564 F.3d 1169, 1175-76 (9th Cir. 2009). More importantly, the district court specifically cautioned at a pretrial hearing that it would allow more extensive questioning on

---

[1] In addition, the record reflects that the district court did allow the expert to offer some testimony on the contents of one of the communications, and that Memory Lane's counsel made no attempt to cross-examine the expert about any specific content.

this topic if Memory Lane opened the door by introducing evidence of damage to its reputation. On direct, Memory Lane's founder did just that when he testified about Classmates' reputation and his concern that consumers would assume the two businesses were linked. *See Nguyen v. Sw. Leasing & Rental Inc.*, 282 F.3d 1061, 1067 (9th Cir. 2002).

3. The district court did not abuse its discretion by denying Memory Lane's motion to preclude certain printouts from the "Internet Archive" reflecting third-party use of the mark. Most, if not all, of the printouts were accompanied by affidavits from the "Internet Archive" office manager providing relevant information about the database, and as such, they were properly authenticated. *See United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015). We need not determine whether such affidavits are *required* for proper authentication of "Internet Archive" evidence because, even assuming the court erred with respect to the printouts that were not authenticated by an affidavit, any error was harmless. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 464 (9th Cir. 2014). The same conclusion follows from reviewing *all* evidentiary rulings appealed by Memory Lane for harmlessness: even assuming errors by the district court, the effect—individually or cumulatively—does not warrant a new trial. *See Jerden v. Amstutz*, 430 F.3d 1231, 1240-41 (9th Cir. 2006).

4

4.  As to Classmates' cross-appeal, the district court properly concluded that this is not an "exceptional" case under the Lanham Act.  We have previously held that Lanham Act cases are exceptional where "a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith," and where "the plaintiff has no reasonable or legal basis to believe in success on the merits." *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co., Ltd.*, 668 F.3d 677, 687 (9th Cir. 2012) (quotation and citation omitted).  More recently, in a Patent Act case, the Supreme Court stated that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).  This case is not "exceptional" under either standard: application of the eight-factor test articulated in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003), does not establish that Memory Lane's case was exceptionally weak on the merits, and, although ultimately unsuccessful, Memory Lane's theories of relief were not unreasonable.

5.  Finally, the district court did not abuse its discretion in determining the amount of e-discovery costs to re-tax in response to Classmates' motion.  *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  The court did not

categorically prohibit e-discovery costs: it granted costs for TIFF conversion, CD/DVD creation, imaging, and blowbacks, while denying others.  In so ruling, it correctly noted that the scope of 28 U.S.C. § 1920 is "narrow," "limited," and "modest."  *Taniguchi v. Kan Pac. Saipan, Ltd.,* 132 S. Ct. 1997, 2006 (2012). Classmates offers no contrary authority regarding e-discovery from the Supreme Court or this court.

**AFFIRMED.**